IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WORD MUSIC, LLC, et al. | ) |
| | ) |
| v. | ) NO. 3:09-0411 |
| | ) JUDGE CAMPBELL |
| LYNNS CORPORATION OF | ) |
| AMERICA, et al. | ) |

MEMORANDUM

Pending before the Court is Defendants' Motion to Transfer Venue (Docket No. 125). Defendants ask the Court to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, Defendants' Motion to Transfer is DENIED.

FACTS

Plaintiffs have sued Defendants herein for injunctive relief and damages arising from alleged copyright infringement based upon Defendants' alleged unauthorized and unlicensed advertising, distribution and sale of various karaoke recordings containing the Plaintiffs' copyrights. This action was filed on May 8, 2009, and it is set for trial in October of 2010. Discovery is complete, and there are pending dispositive motions before the Court.

Defendants have moved to transfer this action to the United States District Court for the Central District of California, allegedly for the convenience of the parties and witnesses and the accessibility of the evidence. Plaintiffs oppose such a transfer.

According to the Defendants, three of the Plaintiffs are in Tennessee, the Third-Party Defendant brought into the litigation by Defendants is in Tennessee, and Defendants and seven of the Plaintiffs are in California.

MOTIONS TO TRANSFER

Defendants seek transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Ordinarily, the burden of proving that transfer is warranted is on the moving party and the burden is a substantial one. *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 958 (M.D. Tenn. 2008). As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interests of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In reviewing a motion to transfer, the Court is to balance all relevant factors, including the private interests of the parties[2] and public-interest concerns,[3] such as systemic integrity and fairness, which comes under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Reese*, 574 F.3d at 320. And, the Court should keep in mind that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.*; *Smith*, 578 F.Supp.2d at 962.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F.Supp.2d at 963. Transfer of venue

---

[1] The parties do not dispute that the Central District of California is a district in which this action might have been brought.

[2] Convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively. *Smith*, 578 F.Supp.2d at 962.

[3] Enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp.2d at 962.

2

is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

Although Defendants argue that this forum is inconvenient for Plaintiffs' witnesses and for Defendants themselves, they have not shown that Plaintiffs' witnesses would be unwilling or unable to come to Tennessee. Neither have Defendants shown that any non-party witness would be inconvenienced by litigation here. Indeed, other than themselves, the Defendants have identified no witness who finds this forum to be inconvenient.

Defendants also argue that relevant documents are in California, yet they admit in their Reply Brief that all the documents used in discovery and in filing to the Court (and, presumably, at trial) have been in electronic format. The Court sees no problem with the availability of evidence in this forum. Defendants have not shown that any evidence in California would be unavailable here.

As noted above, discovery in this action is complete, and there are pending dispositive motions. Trial is set for October of this year. The interests of justice are served by keeping the action here, where it has been litigated since May of 2009.

Balancing all the factors, the Court finds that Defendants have failed to carry their substantial burden of showing that transfer pursuant to 28 U.S.C. § 1404(a) is warranted. Accordingly, Defendants' Motion to Transfer Venue (Docket No.125) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE