IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WORD MUSIC, LLC., a Tennessee Limited Liability Company, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CASE NO. 3:09-0411 ) JUDGE CAMPBELL/KNOWLES ) ) |
| Lynns Corp. of America, a California corporation, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a document headed, "Third Party Defendant Tennessee Production Center, Inc.'s Motion for Judgment on the Pleadings, or In The Alternative, Motion for Summary Judgment." Docket No. 102. Tennessee Production Center, Inc. ("TPC") has also filed a supporting legal Memorandum. Docket No. 126. Defendant Lynns Corporation of America ("Lynns Corp.") has filed a Response in Opposition to the Motion. Docket No. 162.

Plaintiffs filed the Complaint in this action for copyright infringement on May 8, 2009, against Defendant Lynns Corp. and its principal Victor Tsai and against Sumakaya Corporation and its principal Michael Lee. Docket No. 1. On June 22, 2009, Defendants Lynns Corp. and Victor Tsai (the "Lynns Corp. Defendants") filed an Answer and a "Cross-Complaint against Michael Lee and Sumakaya Corporation." Docket No. 15, p. 6.

With leave of Court (Docket No. 33), the Lynns Corp. Defendants subsequently filed a

document headed, "Defendants Lynns Corp. and Victor Tsai's First Amended Answer and Cross Complaint" (Docket No. 34). The substantive allegations of the "First Amended Cross-Complaint" state in relevant part as follows:

> 1. Lynns Defendants filed this Cross-Complaint against co-defendants Michael Lee and Sumakaya Corporation ("Lee and Sumakaya"), under the court's supplemental jurisdiction.
> . . .
> 3. Lynns Corp. sold some karaoke songs to Michael Lee and his Sumakaya Corporation for selling. For the copyright infringement claims made by Plaintiffs, Lynns Corp. only cross-claimed Michael Lee and Sumakaya Corporation for the goods and services that are not from Lynns Corp.
>
> 4. Lee and Sumakaya sold the "Sumakaya.com" website and its operations to Lynns Corporation, a California corporation, in or around August/September of 2007. Said Sumakaya.com website contained a "sampling download" feature that was alleged to be infringing upon Plaintiff's copyright [*sic*].
>
> 5. By the allegations of Plaintiffs, Lee Sumakaya's [*sic*] sales transaction constituted breach of warranty against infringement, as provided under California Commercial Code section 2312(3), and/or the equivalent of Tennessee state laws.
>
> 6. By the allegations of Plaintiffs, Tennessee Production Center, Inc., dba Chart Buster Karaoke, is the originator of the accused products identified in Exhibit A of Complaint [*sic*]. Chart Buster Karaoke's principal place of business is believed to be at 10840 Chapman Highway, Seymour, TN 37865. However, Lynns Corp.'s notice and request for indemnification to above address was not responded to.
> . . .
> 10. Collectively, Tennessee Production Center, Inc., Nutech Entertainment, and Music Maestro are referred to as "Studio Defendants."
> . . .
> 11. Collectively, Studio Defendants and "Lee and Sumakay" [*sic*] are referred to "Cross-Defendants."

2

> 12. All the sales transactions are subject to the laws and
> regulations of California and Tennessee.
>
> 13. *Lynns Defendants seek to have recourse against these Cross-Defendants who offered and sold products or business operations that violate the statutory duty of warranty against infringement.*

Docket No. 34, p. 7-8 (emphasis added).

As discussed above, the Lynns Corp. Defendants sought leave of Court to amend their Cross-Complaint in order to add TPC as a Third-Party Defendant.[1] Docket No. 31. In that Motion to Amend, TPC is identified as being a "supplier" to Defendant Lynns Corp. of karaoke music. Docket No. 31, p. 2. The Lynns Corp. Defendants identified TPC as one of the sources of the "infringing works," identified in Exhibits A-E to the Complaint. *Id.* The Memorandum stated in part:

> In this type of transaction, not only did Lynns seek assurances from the Studios [defined to include TPC], Lynns also looks to Studios' compliance with the statutory duty of warranty against breach of infringement. Such a seller's duty of warranty against infringement as codified in California Commercial Code section 2312; Tennessee Commercial Code 47-2--312 contains similar codification. [Footnote 1].

*Id.*

The footnote referred to above states:

> California Commercial Code section 2312 provides, in subsection (3): Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

---

[1] This appears to be true, even though the Lynns Corp. Defendants did not speak in terms of a Third Party Complaint or Third Party Defendants.

3

The only arguments raised in the instant Motion are that the Copyright Act does not of its own terms provide for the remedy of indemnity and that there is no right to indemnity under federal common law. Docket No. 102, p. 3. The major argument made by TPC in its supporting Memorandum, which is the heading of the substantive portion of the Memorandum, states, "There is no right to indemnity in a cause of action under the Copyright Act and, as a result, the Third Party Complaint must be dismissed as a matter of law." Docket No. 126, p. 6.

As the Lynns Corp. Defendants correctly argue, they have not sued TPC for "indemnity." The only claim they raised in the Third Party Complaint is that TPC offered and sold products that violate the statutory duty of warranty against infringement. Docket No. 34, p. 8. The only reference to indemnity or indemnification in the Third Party Complaint is a statement that Lynns Corp.'s notice and request for "indemnification," sent to a certain address in Seymour, TN, was not responded to. This statement does not rise to the level of attempting to assert a claim for indemnity under the Copyright Act against TPC, and TPC never actually argues that it does.

As the Lynns Corp. Defendants aptly state, the Court should deny TPC's request for dismissal, "because Lynns did not plead what TPC sought to dismiss." Docket No. 162, p. 2.

For the foregoing reasons, the instant Motion (Docket No. 102) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

4

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

5

Case 3:09-cv-00411   Document 187   Filed 09/13/10   Page 5 of 5 PageID #: 4396