UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WORD MUSIC, LLC., a Tennessee )
Limited Liability Company, et al., )
    ) NO. 3:09-0411
v. ) JUDGE CAMPBELL
    ) MAGISTRATE JUDGE KNOWLES
LYNNS CORP. Of AMERICA, a )
California corporation, et al. )

ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Docket No. 185) regarding Plaintiffs' Motion for Partial Summary Judgment (Docket No. 101). Objections were filed by Plaintiffs on September 23, 2010 (Docket No. 190). Objections were filed by Defendant Michael Lee and Sumakaya Corporation on September 27, 2010 (Docket No. 192). Plaintiffs' Response in Opposition to Defendant Michael Lee and Sumakaya Corporation's Objections (Docket No. 217) was filed October 4, 2010. Defendant Lynns Corporation and Victor Tsai filed a Response to Plaintiffs' Objections on October 6, 2010 (Docket No. 219).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Report and Recommendation is approved in part and rejected in part, as stated herein. Plaintiffs' objection regarding the standard for willful copyright infringement is granted. All other objections by Plaintiffs and Defendants are overruled.

The Court rejects that portion of the Report and Recommendation which states that a "reckless disregard" standard does not apply to willful copyright infringement. The Court finds

the standard for willful copyright infringement is "actual or constructive knowledge" of infringement or "reckless disregard" of the high probability of infringement. *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574 (6th Cir. 2007). A defense of good faith may be considered if the good faith belief occurred before any infringement. *Bridgeport v. UMG,* 585 F.3d 267, 279 (6th Cir. 2009). *See also Tenn. Walking Horse Breeders' and Exhibitors Ass'n. v. Nat'l Walking Horse Ass'n*, 528 F. Supp. 2d 772 (M.D. Tenn. 2007). Applying the above standards for willful copyright infringement, the Court finds that there are material facts in dispute which preclude summary judgment on this issue.

The Court also rejects the portion of the Report and Recommendation on attorneys' fees and costs. However, attorneys' fees and costs are denied, without prejudice, as premature. *See* Local Rule 54.01. The Court makes no decision at this time on the proper standard for recovery of attorneys' fees and costs or whether attorneys' fees and costs should be awarded.

Accordingly, Plaintiffs' Motion for Partial Summary Judgment (Docket No. 101) is GRANTED IN PART and DENIED IN PART as follows: The Motion is GRANTED as to all Defendants with respect to direct copyright infringement. The Motion is DENIED as to all Defendants with respect to willful copyright infringement because there are material facts in dispute. The Motion is DENIED as to all Defendants with respect to attorneys' fees and costs as premature.

This case remains set for trial on October 26, 2010.

IT IS SO ORDERED.

                                                        *Todd Campbell*
                                                       TODD J. CAMPBELL
                                                       UNITED STATES DISTRICT JUDGE